United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 9, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 05-50013
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEPHANIE ABREGO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:04-CR-450-1
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[1]

Stephanie Abrego pleaded guilty to an indictment charging her with conspiracy to possess with intent to distribute more than 50 kilograms of marijuana. Abrego was sentenced at the bottom of the guideline imprisonment range to a 33-month term of imprisonment and to a three-year period of supervised release. She was ordered to pay a $1,000 fine. Abrego gave timely notice of her appeal.

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Abrego contends that her sentence should be vacated because it was imposed pursuant to an unconstitutional mandatory guidelines system, contrary to United States v. Booker, 125 S. Ct. 738, 768-69 (2005), a so-called Fanfan error. See United States v. Martinez-Lugo, 411 F.3d 597, 600 (5th Cir. 2005), cert. denied, ___ S. Ct. ___ (Oct. 11, 2005) (No. 05-6242). This court's review is for plain error. See id.; United States v. Mares, 402 F.3d 511, 520-21 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).

Abrego cannot carry her burden of showing that the Fanfan error affected her sentence. See Martinez-Lugo, 411 F.3d at 600. There is nothing in the record to suggest that the district court felt constrained by the mandatory guidelines in imposing Abrego's sentence. See Mares, 402 F.3d at 522; see also United States v. Bringier, 405 F.3d 310, 317 n.4 (5th Cir.) (minimum guideline sentence, without more, insufficient to carry third prong of plain-error test), cert. denied, 126 S. Ct. 264 (2005). The judgment is AFFIRMED.